Hayes *v.* Kingsbury.

---

ERASTUS HAYES *versus* JOHN KINGSBURY & *al.*

If the execution creditor, after the debtor has been arrested and given a poor debtor's bond, becomes a bankrupt, but the debtor has received no notice thereof, a citation to the creditor is good, without notice to his assignee.

DEBT on a poor debtor's bond.

On January 10, 1842, Kingsbury was arrested on an execution in favor of Hayes, and on that day gave the bond in suit to procure his discharge. On February 2, 1842, Hayes filed his petition to be declared a bankrupt, and he was decreed to be such on March 2, 1842, and an assignee of his estate was duly appointed, but Hayes did not receive his discharge until subsequent to June 18, 1842. On the day last

mentioned a citation that Kingsbury desired to take the poor debtor's oath on July 6, 1842, at a time of the day and the place named, directed to Hayes, was duly served on him, and was by him sent to the assignee on the 30th of the same June, but no service of the notice was made on the assignee. There was no evidence that Kingsbury knew that Hayes had become a bankrupt. At the time and place appointed in the citation the poor debtor's oath was duly administered to Kingsbury. It was agreed, that the Court should determine the matter in the same manner as if it came before them on a petition for a writ of *certiorari.* If the notice was sufficient, the plaintiff was to become nonsuit.

*Rand,* for the plaintiff.

*Haines* for the defendant.

By the Court.

The debtor was not bound to know, without being specially notified of the fact, that any other person than the plaintiff of record, he being in full life, had any interest in or control of the suit. The notice therefore was properly directed and served.